## HENRY WARREN *vs.* ALLEN GILMAN.

If a person who indorses a bill to another, for value or collection, shall again come to the possession thereof, he shall be regarded, unless the contrary appear in evidence, as the *bona fide* holder of the bill, and entitled to recover, although there may be upon it his own or a subsequent indorsement, which he may strike from the bill or not at his pleasure.

Where a Judge of the C. C. Pleas left to the jury to enquire and say, whether reasonable notice had been given to an indorser, and they found that such notice had been given, but the evidence was too deficient and uncertain to authorize such finding, a new trial was granted.

EXCEPTIONS from the Court of Common Pleas.

Assumpsit against the defendant as indorser of a bill of exchange drawn in his favor by *S. A. Gilman* on *Charles Gilman*, accepted by him and indorsed by the defendant, dated *June* 30, 1836, payable in thirty days at the *Suffolk* bank in *Boston*. On the trial before PERHAM J. the plaintiff produced the bill. The name of the defendant was written upon the back of it in blank, and it might be perceived, that there had been written below, and a pen stricken across several times to erase it, as follows. " Pay *M. S. Parker*,

Cashr., *John Wyman*, Cashr.," Recd. pay. *Henry B. Stone*, Prest."  The plaintiff produced in evidence a protest by a notary in *Boston*, who stated, that at the request of *M. S. Parker* he had, on the 2d of *August*, 1836, presented the bill at the *Suffolk* bank, that payment was refused because of no funds of the parties, and that on the same day he sent notice of the demand and nonpayment to the drawer, indorser, and acceptor, enclosed to *John Wyman, Esq.*, Cashier, by mail to *Bangor, Maine*, requiring payment of them respectively.  *Stone* was President, and *Parker* Cashier, of the *Suffolk* bank, *Wyman* Cashier of the *Penobscot* bank at *Bangor*, and the drawer, indorser, and acceptor lived at *Bangor*.  *Wyman* was called as a witness by the plaintiff, and testified, " that he received the protest by mail with certain papers enclosed ; that he either gave the papers to the several parties to the bill, or put them into the post-office, but could not tell which ; that he could not say at what time he gave the papers or put them into the post-office, but supposed it was in season on the day he received them, as was his usual practice ; nor could he say at what time he received the papers."  This was all the evidence.

The defendant objected to the admission of the protest, as being incompetent to maintain the issue on the part of the plaintiff ; and also objected to the admission of the bill of exchange, the signatures to which were admitted.  The objections were overruled by the Judge.  The defendant requested the Judge to instruct the jury, that if the bill had been paid to the President of the *Suffolk* bank, that the same thereby became *functus officio*, and no action could be maintained thereon by the plaintiff.  The Judge declined to give this instruction, but stated to the jury, that if they had evidence, that the bill was paid by the drawer or accepter, it thereby became cancelled, and could not be afterwards negotiated, but that one indorser had a right to save his credit by paying and taking it up, and might erase his name without impairing his claim on the parties to it ; and that if the plaintiff was the holder of the bill, though his own name did not appear, the action was maintainable.  The defendant further requested the Judge to instruct the jury, that the evidence of notice was not seasonable, and that it should have been sent directly to the defendant.  The Judge declined to give this

instruction, but told the jury to enquire if reasonable notice had been given.

The verdict was for the plaintiff, and the defendant filed exceptions.

*Rogers* argued for the defendant, supporting the positions taken at the Court of Common Pleas, and cited 5 *Johns. R.* 375; *Grimshaw* v. *Bender*, 6 *Mass. R.* 157; *Bayley on Bills*, 15; *St.* of 1821, c. 88; 8 *Wheat.* 326; 6 *Wheat.* 572; 10 *Johns. R.* 490; 20 *Johns. R.* 372; 1 *Conn. R.* 329; 3 *Conn. R.* 89; 1 *Stark. R.* 314; *Colt* v. *Noble*, 5 *Mass. R.* 167; 2 *Johns. Cases*, 1; *Hussey* v. *Freeman*, 10 *Mass. R.* 84; *Whitwell* v. *Johnson*, 17 *Mass. R.* 453; 11 *Johns. R.* 187.

*J. Appleton* argued for the plaintiff, and cited 2 *Peters*, 586; *Phœnix Bank* v. *Hussey*, 12 *Pick.* 483; *Chitty on Bills*, Ed. of 1836, 14, 522, 528, and 642; 5 *Cowen*, 186; *ib.* 303; 18 *Johns.* 230.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

EMERY J. — This action is against the defendant, as indorser of a bill of exchange. A verdict has been rendered against him, and the case comes before us on exceptions. The whole evidence on the part of the plaintiff is detailed in the exceptions. In *Green v. Jackson*, in the county of *Washington*, not yet published, it was held, that an indorsee for value, or collection, possessed of a bill is regarded as a *bona fide* holder, unless there be evidence to the contrary, notwithstanding one or more indorsements in full, subsequent to the one to him, without producing receipt or indorsement to him of such indorser, whose name he may strike out or not as he thinks proper.

The payment of the bill by the indorsee, as stated by the Judge, to authorize him, the indorser, to maintain the action, was right.

The only question is as to the seasonableness of the notice. If we perceived the evidence that the notice was given seasonably, we should sustain the verdict, notwithstanding the turning over generally to the jury, to enquire whether "reasonable notice had been given."

The indorser, stipulating to be responsible only on the condition of due presentment and due notice given to him of nonpayment, may insist on critical proof, if he choose to do so.   There is a defect of proof of notice to the defendant.

The testimony reported, is of uncertainty on the part of the witness when he gave the paper, or put it into the post-office.   And it is fairly exposed to the criticism under this statement, that although he might honestly suppose it in season on the day he received it, as was his usual practice, yet it is not even stated, that he believed that even this equivocal mode was adopted on the day he received it, nor can he say at what time he received it.   At another trial the plaintiff may be enabled to relieve the case from all difficulty.   But under the present posture of the evidence the requested instruction, " that the evidence of the notice was not seasonable," ought to have been given.

Thus far we all agree.   The exceptions are therefore sustained. The verdict is set aside, and a new trial granted.